UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:20-cv-09274-MCS-JC | Date November 2, 2020 |
| Title *Disher Ravelo v. Ascendo Res., LLC* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (ECF NO. 12) AND DENYING MOTION TO DISMISS OR TRANSFER VENUE (ECF NO. 14) (JS-6)

Before the Court are two motions: Plaintiff Horacio Disher Ravelo moves to remand this action to the Los Angeles County Superior Court. (MTR, ECF No. 12.) Defendants Wells Fargo Bank, National Association; Ascendo Resources, LLC; and Ascendo Consulting, LLC, move to dismiss the case for improper venue or transfer the case to the United States District Court for the Western District of North Carolina. (ECF No. 14.) The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court takes off calendar the hearing set for November 16, 2020. For the following reasons, the motion to remand is **GRANTED** and the motion to dismiss or transfer venue is **DENIED**.

I.  **BACKGROUND**

This action arises from a purported employment relationship between Plaintiff and Defendants. (*See generally* Compl., ECF No. 1-2.) Plaintiff alleges that he was employed by Defendants Wells Fargo Bank, Wells Fargo & Company, Ascendo Resources, and Ascendo Consulting, and that Ralph Potter was his supervisor. (*Id.*

¶¶ 2–6, 13.) Among other claims, Plaintiff avers he was wrongfully harassed, retaliated against, and terminated from his employment on the basis of his sexual orientation, marital status, and disability. (*See generally id.*)

Plaintiff initially filed this action in the Los Angeles County Superior Court on August 7, 2020. Wells Fargo Bank removed the action to this Court on October 8, 2020. (Notice of Removal, ECF No. 1.) Wells Fargo Bank invoked the Court's diversity jurisdiction. (*Id.* ¶ 1.) Regarding the amount in controversy, it presented correspondence from Plaintiff's counsel making a settlement demand exceeding $75,000. (*Id.* ¶¶ 18–19.) Regarding the parties' citizenship, it averred that Plaintiff is a citizen of California and that Wells Fargo Bank, Ascendo Resources, Ascendo Consulting, and Potter are citizens of other states. (*Id.* ¶¶ 11–15.) Wells Fargo Bank, stating it was "erroneously sued as" Wells Fargo & Company, did not provide the citizenship status of Wells Fargo & Company. (*Id.* ¶ 12.) Wells Fargo & Company is a Delaware corporation with its principal place of business in California. (Termechi Decl. Ex. A, ECF No. 12-4.)

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## III.   DISCUSSION

As a preliminary matter, both sets of moving parties failed to comply with Local Rule 7-3, which requires the parties to discuss thoroughly the substance of a contemplated motion at least seven days prior to the filing of the motion. Plaintiff filed his motion four days after the conference of counsel, (Termechi Decl. ¶ 5, ECF No. 12-3), and Defendants filed their motion only two days after the conference of counsel, (Medina Decl. ¶ 2, ECF No. 14-2). Both motions properly may be denied for failure to comply with the pre-filing conference requirement. Nonetheless, because the Court has an independent obligation to examine its own jurisdiction,

*Henderson v. Shinseki*, 562 U.S. 428, 434 (2011), and must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3), the Court considers the motion to remand.

Plaintiff argues that there is no diversity of citizenship because Wells Fargo & Company and Plaintiff both are citizens of California. (MTR 4–8.) In response, Wells Fargo Bank contends that Wells Fargo & Company was improperly joined, so the Court may disregard its citizenship. (MTR Opp'n 5–8, ECF No. 19.)

In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation marks omitted). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.* (alteration in original) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

Wells Fargo Bank fails to show that Wells Fargo & Company is fraudulently joined as an employer defendant. Plaintiff pleads that Wells Fargo & Company was his joint employer, (Compl. ¶ 5), and presents evidence in support of this contention, (*e.g.*, Disher Ravelo Suppl. Decl. Ex. A, at 1, ECF No. 22-4 (employee handbook stating that Wells Fargo & Company created the policies therein)). Wells Fargo Bank presents several factual arguments why Wells Fargo & Company was not Plaintiff's employer. (MTR Opp'n 6–7.)[1] But at this stage, factual allegations and evidence are evaluated in the light most favorable to Plaintiff, and disputes of fact must be

---

[1] Wells Fargo Bank objected to Plaintiff's proffered evidence, (MTR Opp'n 1; Evid. Objs., ECF No. 20), yet it relies upon the evidence in support of its own arguments, (MTR Opp'n 6–7). Plaintiff appears to have resolved Wells Fargo Bank's objections in his supplemental declaration. (Disher Ravelo Suppl. Decl. ¶ 2, ECF No. 22-3.) The evidentiary objections are overruled.

resolved in Plaintiff's favor. *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-cv-00245-LJO-SKO, 2013 U.S. Dist. LEXIS 87990, at *12 (E.D. Cal. June 17, 2013) (citing, *inter alia*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Wells Fargo Bank fails to meet its heavy burden to show that there is no possibility that Plaintiff can state a claim against Wells Fargo & Company. *See, e.g.*, *Scates v. FedEx Ground Package Sys., Inc.*, No. 2:20-cv-06365-VAP-MAAx, 2020 U.S. Dist. LEXIS 178198, at *12–15 (C.D. Cal. Sept. 25, 2020) (rejecting fraudulent joinder argument where removing defendant failed to produce its own supporting evidence and plaintiff's allegations established a possibility that the purported sham defendant employed plaintiff); *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 U.S. Dist. LEXIS 46992, at *15 (C.D. Cal. Mar. 29, 2017) ("As Plaintiff has presented some evidence that [Wells Fargo & Company] could be Plaintiff's joint employer, construing this evidence in Plaintiff's favor, Defendants have failed to carry their heavy burden of demonstrating the improper joinder by clear and convincing evidence." (internal quotation marks omitted)).[2]

The Court cannot conclude that Wells Fargo & Company was fraudulently joined. Like Plaintiff, Wells Fargo & Company is a citizen of California. *See* 28 U.S.C. § 1332(c)(1). There is no diversity of citizenship, the Court lacks original jurisdiction, and remand is appropriate. 28 U.S.C. § 1447(c). Plaintiff's request for remand is **GRANTED**.

Pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11, Plaintiff requests attorney's fees associated with bringing the motion to remand. (MTR 8–9.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court may issue sanctions under Rule 11(c) if the court determines that a filing was presented for an improper purpose or is factually or legally frivolous. Fed. R. Civ. P.

---

[2] Wells Fargo Bank presents district-court decisions denying plaintiffs' post-removal motions for leave to amend the complaint to add Wells Fargo & Company as a defendant. (MTR Opp'n 7–8, 11 (citing *Bird v. Wells Fargo Bank, N.A.*, No. 1:16-cv-01130-DAD-EPG, 2017 WL 2797854, at *5 (E.D. Cal. June 28, 2017), and *Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 923 (N.D. Cal. 2015)).) Both cases feature plaintiffs seeking leave to make diversity-destroying amendments to their complaints, and both courts deny leave under 28 U.S.C. § 1447(e). The procedural posture and the applicable test are markedly different here, where Plaintiff named Wells Fargo & Company before removal.

11(b)–(c). Although removal was improper here, the Court declines to determine that removal was objectively unreasonable or frivolous. Wells Fargo Bank presents reasonable arguments that Wells Fargo & Company is not a proper defendant to this action. Its position is not so untenable that fees or sanctions are appropriate. The Court **DENIES** Plaintiff's request for attorney's fees.

The Court **DENIES** the motion to dismiss or transfer as moot.

## IV.   CONCLUSION

The Court **GRANTS** Plaintiff's request to remand the action. The Court **DENIES** Plaintiff's request for attorney's fees. The Court **DENIES** Defendants' motion to dismiss or transfer.

The Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles, No. 20STCV29915. All dates and deadlines are **VACATED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**